ORIGINAL

# In the United States Court of Federal Claims

No. 17-1971C (Pro Se)
(Filed: March 15, 2018 | Not For Publication)

FILED
MAR 15 2018
U.S. COURT OF FEDERAL CLAIMS

DARREL R. FISHER

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Keywords: Pro Se Plaintiff; Subject Matter Jurisdiction; RCFC 12(b)(1); Statute of Limitations; 25 U.S.C. § 2501.

*Darrel R. Fisher*, Butner, NC, *pro se*.

*Jessica R. Toplin*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Lisa L. Donahue*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

Plaintiff Darrel R. Fisher, representing himself pro se, filed a complaint in this Court on December 18, 2017. Docket No. 1. The government has moved to dismiss Mr. Fisher's complaint for lack of subject matter jurisdiction. Docket No. 8. For the reasons discussed below, the government's motion is **GRANTED**, and Mr. Fisher's complaint is **DISMISSED** without prejudice.

## BACKGROUND

Mr. Fisher's handwritten complaint is difficult to decipher. See id. As best the Court can tell, Mr. Fisher alleges that the government has "fail[ed] to follow the rules of Government," including Article I, section 8 of the U.S. Constitution. Id. at 1. In particular, Mr. Fisher complains that that a number of individuals trespassed on his property in 1997 and 1998. Id. at 1, 4; see also Docket No. 5 at 1 (proposed amended complaint).[1] Perhaps in connection with this allegation, he asserts that "the federal

[1] The Court has received a number of documents from Mr. Fisher that purport to amend his complaint. Thus, on January 11, 2018, the Court received a handwritten document from Mr. Fisher that failed to comply with several of the Court's rules regarding filings.

7016 3010 0000 4308 4454

government's possession of [his] personal property, stolen . . . by armed federal employees" constitutes a "taking of private property for public use." Compl. at 4. Mr. Fisher's amended complaint also references a "paper easement," though how this allegation connects to his other allegations is unclear. See Docket No. 5 at 4.

Beyond his allegations related to personal property, Mr. Fisher alleges that the federal government "used [the] highway trust fund to pay the cops to patrol every mile of US highway daily," id. at 1 (quotations omitted); and claims that "[t]he subsidized cops . . . accused [him] of speeding," id. at 4. He also appears to allege that he was "brutally batter[ed]" and "struck in the face," perhaps in connection with being stopped while speeding, and that he was "illegally kidnapped by the federals." Id. at 4–5.

Mr. Fisher's complaint also contains allegations regarding his employer or former employer, Copp Transportation. Id. at 3. As best the Court can tell, he alleges that Copp Transportation failed to pay him an agreed-upon rate for certain work he performed for them over the course of three years. See id.

Based on these allegations, Mr. Fisher states that he is entitled to damages in the amount of "$17,250,500.00 more or less" for "losses sustained at the hands of [the] government since Feb. 6, 1997." Id. at 1.

**DISCUSSION**

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). However, the court may also "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs (as is this one), are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the

---

See Docket Nos. 5–6. The Court elected to treat the document as a motion to amend Mr. Fisher's complaint, and warned Mr. Fisher that future non-compliant filings might be returned to him unfiled. See Docket No. 6. Mr. Fisher has since filed another motion to amend his complaint. Docket No. 7. These motions are **GRANTED**, and the Court has accounted for the allegations contained therein to the extent it can make them out. Further, on January 17, 2018, and February 6, 2018, the Court received additional non-compliant filings from Mr. Fisher. The documents are largely incomprehensible and appear to describe generalized grievances against a variety of state and local officials. Because Mr. Fisher failed to comply with the Court's rules regarding filings, and because the Court would lack jurisdiction over such claims in any case, see United States v. Sherwood, 312 U.S. 584, 588 (1941), the Clerk is directed to return these documents to Mr. Fisher unfiled.

Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

Applying these standards, the Court concludes that Mr. Fisher's entire complaint falls outside of the Court's jurisdiction. In the first place, the Court lacks jurisdiction over claims against any defendant other than the United States. See Sherwood, 312 U.S. at 588 ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.") The court thus has no jurisdiction over claims Mr. Fisher may be asserting against private individuals or companies.

It also appears that many of Mr. Fisher's claims fall outside of the Court of Federal Claims's six-year statute of limitations, 28 U.S.C. § 2501, which is jurisdictional in nature. Young v. United States, 529 F.3d 1380, 1384 (Fed. Cir. 2008); Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc).

Further, the Tucker Act expressly excludes claims "sounding in tort" from the Court's jurisdiction. See 28 U.S.C. § 1491(a)(1); Keene Corp. v. United States, 508 U.S. 200, 214 (1993). The Court thus has no power to hear claims for assault, battery, trespass, conversion, or similar torts. Likewise, the Court lacks the power to grant relief under federal civil rights statutes such as 42 U.S.C. § 1983. See Johnson v. United States, No. 97-5107, 1998 WL 39162, at *2 (Fed. Cir. Feb. 3 1998) (per curiam); Lowe v. United States, 76 Fed. Cl. 262, 266 (2007) ("[T]he United States Court of Federal Claims does not have jurisdiction over claims arising under 42 U.S.C.§ 1983 and may not adjudicate . . . claims arising thereunder."); see also Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) (holding that claims asserted against federal agents under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), "lie outside the jurisdiction of the Court of Federal Claim" because "[t]he Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials"). Thus, to the extent Mr. Fisher alleges that he has been deprived of rights under color of law by state and/or federal law enforcement agents, the Court lacks jurisdiction to rule on such claims.

To the extent the Court can understand its substance, Mr. Fisher's claim based on Article I, section 8 of the Constitution must also be dismissed, as the provisions found in

that section of the Constitution are not money mandating. See Struck v. United States, Nos. 15-788, 15-822, & 15-831, 2015 WL 4722623, at *2 (Fed. Cl. Aug. 7, 2015).

Finally, although claims under the Fifth Amendment's Takings Clause generally fall within the Court's jurisdiction, Mr. Fisher has not provided the Court an intelligible factual background upon which to assess his takings claim. Dismissal for lack of subject matter jurisdiction is appropriate under such circumstances. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (holding that "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper . . . when the claim is 'so insubstantial, implausible, foreclosed by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal controversy'" (second alteration in original) (quoting Oneida Indian Nation of N.Y. v. Cty. of Oneida, 414 U.S. 661, 666 (1974))). Further, Mr. Fisher's takings claim appears to fall outside of the statute of limitations, which (as noted) presents an independent jurisdictional bar.[2]

In short, the Court lacks jurisdiction over all of Mr. Fisher's claims. Accordingly, his complaint must be **DISMISSED** without prejudice.[3]

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss is **GRANTED** and Mr. Fisher's complaint is **DISMISSED** without prejudice. The clerk shall enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge

---

[2] Even if the Court had jurisdiction over Mr. Fisher's takings claim, that claim would be subject to dismissal on the merits under Rules of the Court of Federal Claims 12(b)(6) for failure to plausibly state a claim upon which relief may be granted. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2008)).

[3] Mr. Fisher has also filed a "Motion Requesting Guidance to Issue Subpoena." Docket No. 9. In light of the Court's conclusion that it lacks jurisdiction over Mr. Fisher's complaint, that motion is **DENIED** as moot.